IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ALBERTO LOZA-GRACIA, #62723-079 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:12cv699 |
| | § | CRIMINAL ACTION NO. 4:09cr152 |
| UNITED STATES OF AMERICA | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Movant Alberto Loza-Gracia filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, alleging constitutional violations concerning his Eastern District of Texas, Sherman Division conviction. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

**I. BACKGROUND**

On April 29, 2010, Movant pleaded guilty pursuant to a written plea agreement to conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. Prior to sentencing, Movant filed a motion to substitute counsel, asserting counsel had not filed objections to the presentence report or communicated effectively with him. Counsel for Movant stated that there were no meritorious objections to make to the presentence report. The court denied Movant's request for new counsel. On January 27, 2011, the court sentenced Movant to 188 months of imprisonment. On appeal, the Fifth Circuit Court of Appeals affirmed his conviction and sentence on February 9, 2012. *United States v. Loza-Gracia*, 670 F.3d 639, 644 (5th Cir. 2012).

1

Movant filed the present motion pursuant to § 2255, asserting that he is entitled to relief because his trial counsel:

1. Failed to withdraw as counsel based on an alleged conflict of interest;

2. Failed to file a motion alleging a violation of the Speedy Trial Act;

3. Failed to object to the lack of a sufficient factual basis for the plea;

4. Failed to investigate and advise Movant that he could face an enhanced sentence; and

5. Failed to raise the issues above on direct appeal.

The Government filed a Response, asserting that Movant's claims are barred by his waiver or, in the alternative, are without merit. Movant replied to the Government's Response.

## II. § 2255 PROCEEDINGS

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-01 (5th Cir. 1992). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).

## III. WAIVER IN MOVANT'S GUILTY PLEA

The Fifth Circuit has upheld the informed and voluntary waiver of post-conviction relief in *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). In *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995), the Fifth Circuit held that a waiver may not be enforced against a § 2255 movant who claims that ineffective assistance of counsel rendered that waiver unknowing or

involuntary. In *United States v. White*, 307 F.3d 336 (5th Cir. 2002), the Fifth Circuit held that an ineffective assistance of counsel claim raised in a § 2255 proceeding survives a waiver only when the claimed assistance directly affected the validity of that waiver or the plea itself. More recently, the Fifth Circuit noted that it has upheld § 2255 waivers except for when there is an ineffective assistance of counsel claim that affects the validity of that waiver or the plea itself or when the sentence exceeds the statutory maximum. *United States v. Hollins*, 97 F. App'x 477, 479 (5th Cir. 2004).

**Signed Plea Agreement**

Movant signed a plea agreement containing the following waiver provision:

> Except as otherwise provided herein, Defendant expressly waives the right to appeal the conviction in this case on all grounds. Defendant further agrees not to contest the sentence in any post-conviction proceeding, including, but not limited to a proceeding under 28 U.S.C. § 2255. Defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum and (b) a claim of ineffective assistance of counsel that affects the validity of the waiver itself.

It also states:

> I have read or had read to me this Plea Agreement. I have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

Additionally, the plea agreement states:

> The defendant has thoroughly reviewed all legal and factual aspects of this case with defense counsel and is fully satisfied with defense counsel's legal representation. The defendant has received satisfactory explanations from defense counsel concerning each paragraph of this Agreement, each of the defendant's rights affected thereby, and the alternatives to entering a guilty plea. After conferring with counsel, the defendant concedes guilt and has concluded that it is in the defendant's best interest to enter this Agreement rather than proceeding to trial.

Finally, Movant stated in his plea agreement that the "plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this Agreement."

3

Consequently, any allegation that the guilty plea was not knowingly or voluntarily made is contradicted by Movant's signed plea agreement.

**<u>Plea Hearing</u>**

A review of the record shows that, at Movant's change of plea hearing, held on April 29, 2010, Movant said:

1. His plea was voluntary, and he was pleading guilty because he was, indeed, guilty;
2. He understood the charges against him and the elements of the charge;
3. He understood the minimum and maximum sentencing range;
4. He understood how the Sentencing Guidelines might apply to his case;
5. He understood the rights he was waiving by pleading guilty;
6. He was not under the influence of drugs or alcohol that affected his mental capabilities;
7. His guilty plea was voluntary, and not the produce of any force, threat, or promise;
8. He discussed the facts and the defenses of his case with counsel and is satisfied that counsel fully considered his case;
9. He affirmed that the written plea agreement contained the entire agreement concerning his plea of guilty;
10. He read the entire plea agreement, discussed it with counsel, and understood it;
11. He read the factual statement, discussed it fully with counsel, and agreed to everything contained in it;
12. He was fully competent to understand the charge against him and plead guilty; and
13. He was satisfied with the representation of his counsel.

The court admonished Movant as to the charges against him. The court further explained the

rights Movant was giving up by pleading guilty to a felony. Movant stated that he understood the rights that he was waiving. He also said that there had been no other promises made to him or threats against him leading him to plead guilty. He said that he was pleading guilty voluntarily, of his own free will, because he is guilty of the crime charged. Formal declarations in open court carry a strong presumption of truth. *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629, 52 L. Ed.2d 136 (1977). Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1984).

Movant fails to show that, but for trial counsel's advice, he would have taken his chances at trial. Conclusory allegations and bald assertions are insufficient to support the motion. *Ross v. Estelle,* 694 F.2d 1008, 1012 (5th Cir. 1983) ("absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value"); *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982). The Fifth Circuit has held that a defendant's testimony at the plea colloquy that no one attempted in any way to force him to plead guilty carries a strong presumption of verity. *United States v. Abreo*, 30 F.3d 29, 31 (5th Cir. 1994). In cases where the record establishes that the defendant understood the nature of the charge against him and the direct consequences of his act, the rudimentary demands of a fair proceeding and a knowing, voluntary plea are satisfied. *Wright v. United States*, 624 F.2d 557, 561 (5th Cir. 1980).

**Consent to Administration of Guilty Plea**

Additionally, on April 29, 2010, Movant signed a Consent to Administration of Guilty Plea. In the consent, Movant stated that he understood his trial rights, and that by pleading guilty, he knew

5

he was giving up those rights – except for the right to counsel. He affirmed that he understood that the court will consult the Sentencing Guidelines in assessing a sentence, but understood that the court is not bound by the guidelines. He stated that he understood that, although he may have been given a possible range of punishment, it is only an estimate, and that his punishment could be increased based on various factors. Movant affirmed that he was aware that the court is not bound by any agreements between himself and the Government. He also understood that only the United States District Judge will determine his sentence.

Furthermore, Movant stated that he was making his plea of guilty freely, and was not forced to plead guilty. He affirmed that no promises had been made to him other than what was contained in the plea agreement. He pleaded guilty because he was guilty. Movant said he fully understood the charges, including the statutory minimum and maximum penalties, as well as terms related to supervised release, special assessments, forfeiture, and restitution. He said that he fully understood the plea agreement and has no reservations or questions concerning it.

Movant stated that he understood his appeal rights and that those rights could be limited by the terms of his plea agreement. He said that he realized that he may not appeal his plea of guilty or withdraw his plea of guilty if his sentence is greater than what he originally believed or what was told to him by counsel. He represented that he was not under the influence of any substances or medications and that he was fully competent to enter a plea before the court. He also said that if he had any questions, he knew he could freely consult with his attorney. Movant represented that he was fully satisfied with his attorney's representation. He affirmed that the Factual Statement that he signed was true and correct, and that he had reviewed it and found no material errors in what he represented to the court. He understood that his statements made in the consent were made under the penalty of perjury. Any allegation that the plea was not knowingly or voluntarily made is

contradicted by Movant's signed consent.

**Findings of Fact**

On April 29, 2010, the court entered Findings of Facts. Based on the hearing in which Movant pleaded guilty, the court found that Movant knowingly and voluntarily consented to the administration of the Guilty Plea and Allocution. It further found that Movant was fully competent and capable of entering an informed plea, that he was aware of the nature of the charges and the consequences of the plea, and that the plea of guilty was knowingly and voluntarily made, supported by an independent basis in fact containing each of the essential elements of the offense. Any allegation that the guilty plea was not knowingly or voluntarily made is further contradicted by the Findings of Facts.

**Statement of Facts**

Finally, Movant signed a Statement of Facts in Support of Plea Agreement. In it, he stated that he and one or more persons made an agreement to knowingly and intentionally possess with the intent to distribute and dispense at least 500 grams, but less than 2 kilograms, of cocaine. He admitted that he knew the unlawful purpose of the agreement, but joined in it with the intent to further it. He also stated that his role in the conspiracy was to transport cocaine from various sources and distribute the cocaine to other co-conspirators and co-defendants during the term of the conspiracy. Movant stated that he fully understood the facts stipulated, had discussed them with his attorney, and agreed to them without reservation.

**Conclusion - Waiver in Movant's Guilty Plea**

In sum, the court found that Movant, after consultation with counsel, knowingly and voluntarily pleaded guilty to the charges. It also found that Movant was fully competent and capable of entering an informed plea, that he was aware of the nature of the charges and the consequences

of the plea, and that his guilty plea is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses. Any allegation that Movant's plea was not knowingly or voluntarily made is contradicted by his signed plea agreement, the plea hearing, the consent, the findings of fact, and the factual statement. Movant fails to show that he did not understand the nature of a constitutional protection that he was waiving or that he had "such an incomplete understanding of the charges against him that this plea cannot stand as an admission of guilt." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). If a defendant understands the nature of the charges against him and the consequences of his plea, yet voluntarily chooses to plead guilty, the plea must be upheld on federal review. *Diaz v. Martin*, 718 F.2d 1372, 1376-77 (5th Cir. 1983).

In light of the waiver contained in Movant's knowing and voluntary plea agreement, for the court to consider the claims raised in his § 2255 motion, Movant must allege that the punishment imposed exceeds the statutory maximum or that ineffective assistance of counsel affects the validity of his waiver or plea itself. Movant does not allege that the sentence exceeds the statutory maximum. However, because some of Movant's ineffective assistance of counsel claims could arguably affect the validity of the waiver or plea itself, the court will examine those.

### IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Movant claims, in five grounds for relief, that his trial counsel was ineffective. However, only two of his claims could arguably affect the validity of the waiver or plea.

**Legal Standard**

A movant who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence. *James*, 56 F.3d at 667. In order to succeed on a claim of ineffective assistance of counsel, a movant must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness

8

judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065, 80 L. Ed.2d 864 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. 466 U.S. at 690, 104 S. Ct. at 2066. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981). *See also Rubio v. Estelle*, 689 F.2d 533, 535 (5th Cir. 1982); *Murray v. Maggio*, 736 F.2d 279 (5th Cir. 1984).

Secondly, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Movant must "affirmatively prove," not just allege, prejudice. *Id.*, 466 U.S. at 693, 104 S. Ct. at 2067. If he fails to prove the prejudice component, the court need not address the question of counsel's performance. *Id.*, 466 U.S. at 697, 104 S. Ct. 2052.

The duty of defense counsel to a defendant who desires to enter a plea of guilty is to ascertain that the plea is voluntarily and knowingly made. *Diaz*, 733 F.2d at 376. The two-prong test *Strickland* test applies to cases involving guilty pleas. *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S. Ct. 366, 370, 88 L. Ed.2d 203 (1985). A movant must show that he did not understand the nature of a constitutional protection he was waiving or that he had "such an incomplete understanding of the charges against him that this plea cannot stand as an admission of guilt." *James*, 56 F.3d at 666. Thus, if a defendant understands the nature of the charges against him and the consequences of his plea, yet voluntarily chooses to plead guilty, the plea must be upheld on federal review. *Diaz v. Martin*, 718 F.2d at 1376-77.

**Failure to Allege Insufficient Factual Basis for Plea**

Movant claims that trial counsel was ineffective for failing to challenge an alleged deficiency in the factual basis for the plea. Specifically, he claims that the amount of drugs listed in the factual statement does not match that listed in the indictment; thus, the factual statement is deficient.

A review of the record shows that Movant pleaded guilty to a lesser amount of drugs that what was listed in the indictment. This put his offenses level at 26, and his statutory sentencing range was 5 to 40 years' imprisonment. This is less than the 10 years to life imprisonment that he would have been subject to had he been held responsible for 5 kilograms or more of cocaine. Movant is unable to show prejudice; thus, the issue is without merit.

**Failure to Investigate and Advise Movant**

Movant also asserts that counsel promised him that he would receive a sentence of 60 months' imprisonment and did not advise him that he could face an enhancement to his sentence based on his prior convictions.

The Fifth Circuit has held that, when a defendant pleads guilty on the basis of a promise by his trial counsel or the prosecutor, whether or not such promise is fulfillable, breach of that promise taints the voluntariness of the plea. *Smith v. Blackburn*, 785 F.2d 545, 548 (5th Cir. 1986). To establish this, Movant must show (1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of any eyewitness to the promise. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). If Movant produces an independent indicia of the likely merits of his allegations, typically in the form of one or more affidavits from reliable third parties, he is entitled to an evidentiary hearing on the issue. *Id*. However, if his showing is inconsistent with the bulk of his conduct or otherwise fails to meet his burden of proof in light of other evidence in the record, an evidentiary hearing is unnecessary. *Id*.

Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Ross,* 694 F.2d at 1011-12; *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799.

Movant fails to present any evidence, from the record or otherwise, to show that counsel promised him that he would receive a 60-month sentence. He fails to show the exact terms of the alleged promise, exactly when, where, and by whom the promise was made and the precise identity of any eyewitnesses to the promise. *Cervantes*, 132 F. 3d at 1110. The record shows that Movant understood the final sentence was solely within the discretion of the court, and any estimate from counsel or the Government was just an estimate. In trial counsel's affidavit, trial counsel states that he never promised Movant he would receive a 60-month sentence and he advised Movant that his sentence could be enhanced based on his criminal history.

Movant fails to meet the *Cervantes* requirements. He also fails to show deficient performance or that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. This issue is without merit.

## V. CONCLUSION

Movant does not direct this court to any evidence from the record, or otherwise, showing that counsel erroneously advised him to plead guilty or induced or coerced him to plead guilty to an offense that he did not commit. Movant claimed that he understood the charges, that he understood the minimum and maximum penalties, that his plea of guilty was knowingly and voluntarily made, and that he was waiving his right to appeal except for the two stated narrow exceptions. He fails to prove that he was coerced into pleading guilty or that he was given deficient or misleading advice. He fails to show that ineffective assistance of counsel caused him to plead guilty. Likewise, Movant fails to show that, but for trial counsel's advice, he would have taken his chances at trial. Conclusory

allegations and bald assertions are insufficient to support the motion. *Ross,* 694 F.2d at 1011-12; *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799.

The court concludes that Movant's plea was voluntary and knowing; thus, the waiver contained in his plea agreement must be enforced. *Diaz*, 718 F.2d at 1376-77. Movant's sentence of 188 months does not exceed the statutory maximum. Additionally, his two ineffective assistance of counsel claims discussed do not affect the validity of the plea or waiver itself. Movant's remaining claims do not fall within either of the two exceptions listed in his waiver. Consequently, his informed and voluntary waiver of post-conviction relief is effective to bar relief. *Wilkes*, 20 F.3d at 653.

## VI. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended that the court, nonetheless, address whether Movant would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04, 146 L. Ed.2d 542 (2000). In cases where

12

a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37, 123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604). Accordingly, it is respectfully recommended that the court find that Movant is not entitled to a certificate of appealability.

## VII. RECOMMENDATION

It is accordingly recommended that Movant's motion for relief under 28 U.S.C. § 2255 be denied and the case dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An

objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 10th day of February, 2016.**

> _____
> DON D. BUSH
> UNITED STATES MAGISTRATE JUDGE